# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ELIZABETH IRENE MILLSAP, | Case No. 1:22-cv-00462-SKO |
| Plaintiff, | |
| v. | ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT |
| KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security, | |
| | (Doc. 1) |
| _____/ | |

## I.    INTRODUCTION

Plaintiff Elizabeth Irene Millsap ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. § 1383(c).  (Doc. 1.)  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[1]

## II.    BACKGROUND

Plaintiff protectively filed her SSI application on April 4, 2019, alleging disability beginning January 24, 2019, due to diabetes, neuropathy, degenerative disk disease, obesity, hypertension, anxiety, diverticulitis, Crohn's disease, osteoarthritis in hands, numbness in hands, frozen left shoulder, torn ligament in right shoulder, arthritis in neck and spine, diabetic gastroparesis, vision problems, defects in L4, L5, and S1 vertebrae, sciatica on right side, severe insomnia, and hepatitis C.  (Administrative Record ("AR") 19, 145–46, 150–51, 187, 193, 291,

---

[1] The parties have consented to the jurisdiction of the U.S. Magistrate Judge.  (*See* Doc. 10.)

292.)  Plaintiff was born on April 24, 1965, has a high school education, and previously worked as an officer helper/clerical assistant.  (AR 20, 70, 71, 91, 145, 150, 160, 164, 172, 286, 293, 307, 326.)

**A.     Relevant Medical Evidence[2]**

In August 2019, Brady Dalton, Psy.D., a state agency physician, reviewed the record and assessed Plaintiff's mental residual functional capacity (RFC).[3]  (AR 158–60.)  Dr. Dalton found Plaintiff was moderately limited in her ability to, among other things, "perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances" and "complete a normal workday and workweek without interruptions from psychologically based symptoms."  (AR 159.)

Upon reconsideration in October 2019, another state agency physician, E. Aquino-Caro, M.D., reviewed the record and agreed with Dr. Dalton's findings.  (AR 182–83.)

**B.     Administrative Proceedings**

The Commissioner denied Plaintiff's application for benefits initially on August 7, 2019, and again on reconsideration on October 23, 2019.  (AR 187–91, 193–98.)  Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  (AR 202–27.)  The ALJ conducted a hearing on August 19, 2021.  (AR 84–111.).  Plaintiff appeared at the hearing with her counsel and testified.  (AR 90–103.)  A vocational expert  ("VE") also testified.  (AR 103–109.)

**C.     The ALJ's Decision**

In a decision dated August 27, 2021, the ALJ found that Plaintiff was not disabled, as defined by the Act.  (AR 19–30.)  The ALJ conducted the five-step disability analysis set forth in

---

[2] Because the parties are familiar with the medical evidence, it is summarized here only to the extent relevant to the contested issues.

[3] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996).  The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments.  *Id.*  "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

20 C.F.R. § 416.920.  (AR 22–30.)  The ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 4, 2019, the application date (step one).  (AR 22.)  At step two, the ALJ found the following impairments severe: degenerative disc disease of the lumbar spine, adhesive capsulitis of the right shoulder, diabetes mellitus and neuropathy, Crohn's disease, diverticulitis, osteoarthritis of the hands, obesity and depression.  (AR 22.)  Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three).  (AR 22–23.)

The ALJ then assessed Plaintiff's RFC and applied the RFC assessment at steps four and five.  *See* 20 C.F.R. § 416.920(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps.").  The ALJ determined that Plaintiff had the RFC:

> to perform light work as defined in 20 CFR [§] 416.967(b).  [Plaintiff] can lift and carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday.  She can occasionally climb ramps, stairs, ladders, ropes and scaffolds, and is occasionally able to balance, crawl, crouch, kneel and stoop.  [Plaintiff] can occasionally reach overhead with her right upper extremity, and is able to reach in all other directions, and push and pull her right upper extremity on a frequent basis.  [Plaintiff] is frequently able to handle and finger, bilaterally, and is able to perform jobs of a non-complex nature requiring the performance of no more than simple, routine tasks.  [Plaintiff] is able to maintain occasional contact with supervisors and co-workers, and should have no contact with members of the general public.

(AR 23–29.)  Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms[,]" they rejected Plaintiff's subjective testimony as "not entirely consistent with the medical evidence and other evidence in the record . . . ."  (AR 25.)

The ALJ determined that, given her RFC, Plaintiff could perform her past relevant work as an officer helper/clerical assistant (step four).  (AR 29–30.)  The ALJ concluded that Plaintiff was not disabled since April 4, 2019, the application date.  (AR 30.)

Plaintiff sought review of this decision before the Appeals Council, which denied review on January 5, 2022.  (AR 5–10.)  Therefore, the ALJ's decision became the final decision of the

Commissioner.  20 C.F.R. § 416.1481.

## III.    LEGAL STANDARD

**A.    Applicable Law**

An individual is considered "disabled" for purposes of disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520).  The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity.  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments.  If not, the claimant is not disabled.  If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1.  If so, the claimant is automatically presumed disabled.  If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work.  If so, the claimant is not disabled.  If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy.  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see, e.g.*, 20 C.F.R. § 404.1520(a)(4) (providing the "five-step sequential evaluation process" for SSI claimants).  "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520).

"The claimant carries the initial burden of proving a disability in steps one through four of

the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)).  "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.    Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted).  "Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citing *Tackett*, 180 F.3d at 1098).  "Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).  "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted).  Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund*, 253 F.3d at 1156 ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)).  "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)).  Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'"

*Tommasetti*, 533 F.3d at 1038 (quoting *Robbins*, 466 F.3d at 885).  "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."  *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV.     DISCUSSION

Plaintiff contends that the ALJ erred, inter alia, in failing to incorporate in the RFC the limitations identified by the State agency examiners Drs. Dalton and Aquino-Caro.  (Doc. 15 at 15–19.)  The Court agrees.

## A.    The ALJ Did Not Properly Account for the State Agency Physicians' Opinions in Determining Plaintiff's Residual Functional Capacity

### 1.    Legal Standard

An RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis."  Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *1 (1996); *see also* 20 C.F.R. § 416.945(a).  It reflects the most that a claimant can do despite their limitations.  SSR 96-8p, 1996 WL 374184, at *1.  In formulating the RFC, the ALJ must account for all the claimant's medically determinable impairments, including those that are not "severe," and evaluate "all of the relevant medical and other evidence."  20 C.F.R. § 416.945(a); *see also Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (holding that "an RFC that fails to take into account a claimant's limitations is defective").  Therefore, an ALJ errs when she provides an incomplete RFC ignoring "significant and probative evidence."  *Hill v. Astrue*, 698 F.3d 1153, 1161-2 (9th Cir. 2012).

An RFC assessment is ultimately an administrative finding reserved to the Commissioner. 20 C.F.R. § 416.946.   The RFC does not need to directly correspond to a specific medical opinion; rather, "the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."  *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015); *see also Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (noting the ALJ's responsibility to weigh conflicting medical evidence and translate accepted medical opinions into "concrete restrictions"). The ALJ's RFC assessment should be affirmed if the ALJ has applied the proper legal standard and their decision is supported by substantial evidence in the record.  *Bayliss v. Barnhart*, 427 F.3d

1  1211, 1217 (9th Cir. 2005).

2      **2.    Analysis**

3      As set forth above, the state agency physicians Drs. Dalton and Aquino-Caro assessed

4  Plaintiff with moderate limitations in her ability to, among other things, "perform activities within

5  a schedule, maintain regular attendance, and be punctual within customary tolerances" and

6  "complete a normal workday and workweek without interruptions from psychologically based

7  symptoms." (AR 159, 182–83.)  The ALJ found these opinions "persuasive, as the medical record

8  and objective evidence supports them."[4]  (AR 29.)

9      Plaintiff contends that despite the ALJ purporting to find the opinions persuasive, the ALJ's

10  assessment of Plaintiff's RFC assessment fails to fully reflect the state agency physicians' findings

11  regarding moderate limitations in mental functioning.  (Doc. 15 at 15–19.)  Specifically, Plaintiff

12  asserts that the ALJ's finding that Plaintiff could perform "jobs of a non-complex nature requiring

13  the performance of no more than simple, routine tasks" with "occasional contact with supervisors

14  and co-workers, and . . . no contact with members of the general public" fails to account for the

15  moderate restrictions identified by Drs. Dalton and Aquino-Caro in the following areas: performing

16  activities within a schedule, maintaining regular attendance, being punctual within customary

17  tolerances, and completing a normal workday and workweek without interruptions from

18  psychologically based symptoms.  (*Id.* at 16–17.)

19      The state agency physicians' opinions, though deemed persuasive and supported by the

20  medical record and objective evidence, were not accounted for in their entirety: the assessment that

21  Plaintiff had a moderate impairments in her capacity to maintain regular attendance and complete

22  a normal workweek without interruption was omitted from the RFC assessment without reasons

23  for the omission.  *See Morinskey v. Astrue*, 458 F. App'x 640, 641 (9th Cir. 2011) (ALJ erred by

24  placing great weight on an examining physician's assessment without discussing or analyzing the

25  moderate mental limitations assessed by the physician); *Wascovich v. Saul*, No. 2:18-cv-00659-

26

27  [4] Under the new regulations regarding the evaluation of medical evidence that are applicable to this case, the ALJ must evaluate the "persuasiveness" of a medical opinion by considering the following factors: supportability, consistency,

28  treatment relationship, specialization, and "other factors."  20 C.F.R. § 416.920c(a), (b), (c)(1)–(5) (titled "How we consider and articulate medical opinions and prior administrative findings for claims filed on or after March 27, 2017").

EFB, 2019 WL 4572084, at *4 (E.D. Cal. Sept. 20, 2019) (citing *Betts v. Colvin*, 531 F. App'x 799, 800 (9th Cir. 2013) (where the ALJ accepts the medical assessment of moderate limitations, those limitations must be accounted for in the RFC)).  "This does not necessarily mean that the ALJ was required to explicitly transcribe [the physicians' limitations] in the RFC.  Rather, [they were] required to account for it in [their] 'translation.'"  *Id.* at *5.  *See Rounds*, 807 F.3d at 1006.  The omission, without explanation, was erroneous.  *See* SSR 96-8P, 1996 WL 374184, at *7 ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

Relying primarily on *Stubbs-Danielson*, Defendant contends the ALJ sufficiently accounted for all of Plaintiff's limitations in the RFC by virtue of including a limitation to "simple, routine tasks," *i.e.*, simple, repetitive tasks.  (Doc. 16 at 8.)  In *Stubbs-Danielson*, one doctor opined that the plaintiff was moderately limited in her ability to perform at a consistent pace without an unreasonable number and length of rest periods but did not assess whether the plaintiff could perform unskilled work on a sustained basis.  Another doctor identified the plaintiff as having a slow pace, both in thinking and actions, but concluded that she retained the ability to carry out simple tasks.  539 F.3d at 1173.  The Ninth Circuit held that the ALJ's RFC limiting the plaintiff to performing simple, routine, repetitive tasks adequately captured her deficiencies in concentration, persistence, and pace.  *Id*. at 1174.

However, "the Ninth Circuit and district courts in the Ninth Circuit have held that *Stubbs-Danielson* does not control in cases where," as here, "the limitations relate to functional areas other than concentration, persistence, and pace, such as social functioning and attendance."  *Panziera v. Berryhill*, No. 17-cv-02719-LHK, 2018 WL 278623, at *20 (N.D. Cal. Jan. 3, 2018) (citing *Bagby v. Comm'r of Soc. Sec.*, 606 F. App'x. 888, 890 (9th Cir. 2015); *Harrell v. Kijakazi*, No. 1:20-cv-00614-GSA, 2021 WL 4429416, at *7 (E.D. Cal. Sept. 27, 2021) (finding that the weight of authority from the district courts in this Circuit refutes the "notion that a limitation to simple/routine tasks with limited public contact adequately accounts for other limitations in social interaction, maintaining attendance, completing a normal workday without interruptions from a psychiatric condition, and handling work related stressors.") (collecting cases).  *See also, e.g., Macias v. Saul,*

No. 1:19-CV-01187-BAM, 2021 WL 856423, at *6 (E.D. Cal. Mar. 8, 2021) (collecting cases, and holding that a limitation to simple/routine tasks does not account for attendance limitations); *Christopher G. v. Saul*, No. 2:19-CV-06150-AFM, 2020 WL 2079972, at *6 (C.D. Cal. Apr. 30, 2020) (an RFC to perform work involving simple, routine tasks with limited public and co-worker interaction does not "address moderate limitations in performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances"); *Berenisia Madrigal v. Saul*, No. 1:18-cv-01129-SKO, 2020 WL 58289, at *5 (E.D. Cal. Jan. 6, 2020) (finding that restriction to simple, routine tasks does not account for mental limitations in ability to complete a normal workday or workweek without interruptions from a psychiatric condition and the ability to deal with stress and changes encountered in the workplace).

Defendant's reliance on *Hoopai v. Astrue*, 499 F.3d 1071 (9th Cir. 2007), is equally unavailing.  In *Hoopai*, the Ninth Circuit held that substantial evidence supported the ALJ's conclusion that, without more, moderate limitations in the plaintiff's ability to maintain concentration, persistence, and pace did not significantly limit the plaintiff's range of work and, therefore, "did not significantly erode the occupational base of jobs that [the plaintiff] could perform." *Hoopai*, 499 F.3d at 1076–77.  The Ninth Circuit held that, under those circumstances, the ALJ did not err by using the grids to determine that the plaintiff was not disabled without also obtaining the assistance of a VE at step five. *Hoopai*, 499 F.3d at 1077.

Defendant cites *Hoopai* for the proposition that moderate limitations in the ability to complete a normal workday and workweek without interruptions from mental symptoms do not preclude a finding a non-disability.  (*See* Doc. 16 at 9.)  That does not resolve the inquiry.  The relevant question is whether the ALJ, having accepted the state agency physicians' opinions without reservation, appropriately translated the moderate mental limitations from those opinions into concrete restrictions in the RFC. *See Martin v. Comm'r of Soc. Sec. Admin.*, 472 F. App'x 580 (9th Cir. 2012) (unpublished) ("The administrative law judge (ALJ) erred when formulating Martin's residual functional capacity (RFC) because the RFC neither incorporated Dr. Steiner's opinion of Martin's work limitations nor gave specific and legitimate reasons for rejecting it.").

In sum, the Court finds that the ALJ erred in failing to address or account for Plaintiff's

moderate mental limitations as opined by Drs. Dalton and Aquino-Caro, the opinions of whom the ALJ found persuasive.  The Court further finds that the ALJ's error was not harmless.  While such moderate limitations are not per se disabling, *see Wiles v. Berryhill*, No. 2:16–cv–09558–GJS, 2017 WL 5186333, at *3 (C.D. Cal. Nov. 8, 2017), they may translate into concrete work restrictions that, when considered in connection with Plaintiff's other restrictions, may render her disabled.[5] *See, e.g., Timothy B. v. Saul*, No. 20-cv-03411-SK, 2022 WL 181261, at *4 (N.D. Cal. Jan. 20, 2022).  As such, the moderate mental limitations that the ALJ failed to address or account for were not inconsequential to the ultimate disability determination.  *Stout*, 454 F.3d at 1055.

**B.      Remand for Further Proceedings is Appropriate**

When an ALJ commits error that is not harmless, "[t]he decision whether to remand for further proceedings or simply to award benefits is within the discretion of [the] court."  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989) (citing *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)).  Because further administrative review could remedy the ALJ's error, remand for further administrative proceedings, rather than an award of benefits, is warranted here.[6]  *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances).  *See also Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981) ("If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded.");  *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) ("Remand for further administrative proceedings is appropriate if enhancement of the record would be useful.").

On remand, the ALJ shall reconsider the opinions of the state agency physicians regarding Plaintiff's moderate mental limitations.  The ALJ shall then reassess Plaintiff's RFC and proceed through steps four and five to determine what work, if any, Plaintiff can perform.

**C.      The Court Declines to Determine Plaintiff's Remaining Assertion of Error**

Having found that remand is warranted, the Court declines to address Plaintiff's remaining argument that the ALJ erred in rejecting Plaintiff's subjective complaint testimony.  *See Hiler v.*

---

[5] The VE did not testify that a person could work with the moderate limitations the state agency physicians found to exist.  (*See* AR 103–109 (vocational expert's testimony).)  The VE did testify, however, that if a person with the limitations the ALJ found to exist were off task for 15 percent of the workday or would miss more than two days of work per month on a consistent basis, the person would not be able to do any jobs in the labor market.  (AR 107–108.)

[6] Plaintiff concedes the error identified above can be remedied with further proceedings.  (*See* Doc. 15 at 23.)

*Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Newton v. Colvin*, No. 2:13–cv–2458–GEB–EFB, 2015 WL 1136477, at *6 n.4 (E.D. Cal. Mar. 12, 2015) ("As the matter must be remanded for further consideration of the medical evidence, the court declines to address plaintiff's remaining arguments."); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

## V.        CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is, therefore, VACATED and the case REMANDED to the ALJ for further proceedings consistent with this Order.  The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Elizabeth Irene Millsap and against Defendant Kilolo Kijakazi, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated:   **July 13, 2023**                              /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE